C. N. GROSJEAN, Appellant, v. W. H. LULOW AND W. F. PIETSCH, Appellees.

Drainage Ditch: USED IN COMMON: INJUNCTION. One cannot enjoin the maintenance of a ditch on the ground that water flowing therein causes injury to his property, when he has repaired such ditch, kept up a levee, turned water from his own land into it, and it has been used in common for the drainage of the land for both plaintiff and defendant.

*Appeal from Muscatine District Court.*—HON. P. B. WOLFE, Judge.

WEDNESDAY, OCTOBER 29, 1902.

ACTION in equity to enjoin the maintenance of a certain ditch constructed by the plaintiff, and for damages. The district court found for the defendants, and plaintiff appeals.—*Affirmed.*

*E. M. Warner* and *E. F. Richman* for appellant.

*Louis Eversmeyer* and *J. R. Hanley* for appellee.

WEAVER, J.—Plaintiff is the owner of land lying immediately north of a tract owned by the defendant Pietsch, who purchased the same pending this suit from his codefendant, Lulow. A highway crosses both these tracts in a general direction from northeast to southwest. That portion of both tracts west of the highway is elevated, with slope therefrom extending to the east and slightly to the south across the highway for some distance, to a point

where the land of both owners becomes quite flat. As near as we can determine from the record, the natural drainage down the slope above mentioned is across the course of the highway, and spreading to some extent over the land of both parties; but by reason of the slope being slightly to the south, as well as east, that portion of the drainage coming down from the west upon plaintiff's premises runs to the southeast, passing out over his south boundary line, and upon defendant's land, some distance east of the road. Just south of the boundary line, and upon defendant's land, there was a slight draw, extending from the highway east, which served to gather and conduct away some of the surface water; and farther to the west there was another and somewhat larger draw, extending from the road in the same general direction, also, upon defendant's premises. Some years before the matters now complained of, a former owner of the land now held by plaintiff, constructed a ditch along the south side of the road, which turned the water coming from the west away from plaintiff's field, east of the road, running it southwest along the road into the draw first above described, and thence upon defendant's land. That ditch still exists, and plaintiff, since purchasing the land, has kept it in repair, and availed himself of its benefits. Considerable stress is laid in argument upon the question whether plaintiff constructed this ditch originally, but we do not see that it is very material. That such a ditch exists, and that plaintiff has kept it up, and thus diverted more or less water from its natural flow across his own land to the land of defendant, is conceded. In 1897 defendant constructed a ditch on his own land, along the smaller draw mentioned, and near the boundary line from the road to the east, and by dikes or drains turned into it the surface drainage, or some of it, which had hitherto found its way into the larger draw. The result of these conditions is to unite the drainage which is intercepted by plaintiff's ditch

and that which is intercepted by the dikes or dams constructed by defendant, and send the entire, volume down the ditch near the boundary line. Plaintiff claims that the effect of this diversion and accumulation of the water; has been to wash out the soil and enlarge the last-mentioned ditch to such an extent as to undermine and destroy the line fence in part, and that, unless its further maintenance is enjoined, increased injury will be sustained. Before constructing the ditch defendant informed plaintiff of his purpose to do so, but there is a dispute as to plaintiff's response, though it is not claimed that he offered any objection.

Upon the admitted facts, we think the plaintiff is not entitled to relief. If not by actual construction of the ditch along the east side of the road, plaintiff has, at least, by repairing it and keeping up the levee, turned the water away from his own field into the ditch of which he complains, and thus contributed to the volume of the flow which he alleges threatens his fence. Having done so, he is in part the author of the damages to his property, and upon familiar principles the court will not interfere in his behalf. It is also doubtful whether, independent of plaintiff's contribution to the alleged injury, the defendant has done more than he rightfully may to defend his own premises from the intrusion of surface water. A rule quite generally recognized is that "mere surface drainage through a ditch extending across different tracts of land does not form a water course. By common law, no rights can be claimed jure naturæ in the flow of surface water, and its detention, expulsion, or diversion is not an actionable injury, even when injury results to others." Gould, Waters, section 263. Whether this doctrine obtains in this state to the full extent of the language above quoted, the affirmance of the judgment of the district court upon the ground first above discussed renders it unnecessary now to decide.—AFFIRMED.